| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Jeffrey Lance Collins, *et al.*, §
§
      Plaintiffs, §
§
*versus* §     Civil Action H-13-63
§
Goldman, Sachs & Co., §
§
      Defendant. §

## Preliminary Injunction

On the request for preliminary restraint by Goldman, Sachs & Co., the court finds:

1. Goldman, Sachs & Co. employed Jeffrey Lance Collins, Don Edward Childress, II, Neil Campbell Stone, and Jeffrey Galloway.

2. Jeffrey Lance Collins, Don Edward Childress, II, and Neil Campbell Stone were employed as stockbrokers for approximately fifteen years until they notified Goldman of their resignations on Friday, January 4, 2013.

3. Jeffrey Galloway was employed as a stockbroker at Goldman for approximately two years until he notified Goldman of his resignation on Monday, January 7, 2013.

4. On January 7, 2013, Collins, Childress, Stone, and Galloway began working for Barclays PLC.

5. Goldman has a proprietary interest in the accounts they managed because they developed those accounts with Goldman's assets including its name. It supported them institutionally through training, office staff, advertising, good will, telephones, and postage. Goldman compensated them handsomely with a salary, equity, and a share of the commissions.

6. In return for Goldman's investment in them, they agreed to notify them sixty days before they intended to leave and to not solicit Goldman's clients until ninety days after their resignation.

7. Goldman would suffer irreparable injury in the absence of temporary restraint because Goldman's proprietary information cannot be returned to it after they have used it at Barclays.

8. Goldman is likely to prevail on the merits of its claims because the agreement is an express, unambiguous, and enforceable contract, signed by all of the parties and performed for years.

9. No generalized public interest is affected by this dispute or the injunction.

10. Customers are free to use brokers of their choice, but brokers are also free to make themselves ineligible for reasons ranging from losing their license, contracting not to be a broker for clients or any client but one, or agreeing not to be available for 90 days.

11. This injunction is in aid of the arbitration.

12. The brokers had ample time to tell their clients of their plans before they left Goldman. Since it has only been a few days since they left and clients are already calling, it is highly likely that this is what happened.

### Order

13. For the clients of Collins, Childress, Stone, and Galloway served at Goldman, they and those acting in concert with them, including Barclays and Adrienne Schultea, must not:
    A. Initiate contact with them,
    B. Respond to their calls,
    C. Solicit business from them, or
    D. Disclose information about them to Barclays.

    They may retain family members as clients, limited to first and second-degree relatives and in-laws.

14. The parties must arbitrate.

15. This injunction subsists until the arbitration panel decides otherwise. The restraining order from January 7, 2013, is vacated.

16. Goldman and the brokers agree they do not need to post bonds. The broker's bond is released.

17. The parties must jointly report on the status of the arbitration on the first of each month until it is completed.

Signed January 11, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge