UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY LANCE COLLINS, <br> DON EDWARD CHILDRESS, II, <br> AND NEIL CAMPBELL STONE, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDMAN, SACHS & CO., <br><br> Defendant. | § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 4:13-CV-00063 <br> § <br> § <br> § <br> § <br> § |

## RULE 26(a) INITIAL DISCLOSURES OF DEFENDANT GOLDMAN, SACHS & CO.

COMES NOW, Defendant Goldman, Sachs & Co. ("Goldman Sachs") and, pursuant to Fed. R. Civ. P. 26(a)(1), provides the following Initial Disclosures in this consolidated action. These Disclosures are based on information available to Goldman Sachs at the present time, and Goldman Sachs reserves the right to amend these Disclosures based on evidence and information that comes to its attention as this consolidated action progresses:

A.  The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

**RESPONSE**:

1.  The following Goldman, Sachs & Co. employees:
    Heidi Cruz
    Darla Fanelli
    Lissett Weinmann
    Maria Moller
    Daniel Bean
    c/o Paul J. Dobrowski
    Dobrowski, Larkin & Johnson L.L.P.
    4601 Washington Avenue, Suite 300
    Houston, Texas  77007
    Telephone:     (713) 659-2900

Goldman Sachs and the employees denoted above have information related to Plaintiffs' claims and defenses, as well as the claims and defenses asserted by Goldman Sachs. Specifically, the employees listed above have information related to Plaintiffs' agreements with Goldman Sachs, Plaintiffs' resignations and departures, and communications with Plaintiffs.

2. Jeffrey Lance Collins
   Don Edward Childress, II
   Neil Campbell Stone
   Jeffrey Galloway
   c/o Jack Ballard
   Ballard & Littlefield
   3700 Buffalo Speedway, Suite 250
   Houston, Texas  77098

   Plaintiffs are former Goldman Sachs employee with knowledge of their resignations and other facts surrounding the claims asserted in these cases.

3. Adriane Schultea
   c/o Jack Ballard
   Ballard & Littlefield
   3700 Buffalo Speedway, Suite 250
   Houston, Texas  77098

   Former Goldman Sachs employee with knowledge of Plaintiffs' resignations and other facts surrounding the claims and defenses asserted in these cases.

4. Steve Head
   Jeff Kauffman
   Lauren Pease
   Kim Koydemir
   Caroline Cummings
   Barclays Capital, Inc.
   c/o Jack Ballard
   Ballard & Littlefield
   3700 Buffalo Speedway, Suite 250
   Houston, Texas  77098

   On information and belief, Barclays, its employees, agents, and representatives including, but not limited to the employees denoted above, have information related to Plaintiffs' recruitment and other activities both before and after leaving Goldman Sachs, as well as other facts related to the claims and defenses asserted by Goldman Sachs.

5. Michael Rodriguez
   Ballard & Littlefield
   3700 Buffalo Speedway, Suite 250

Houston, Texas 77098

Mr. Rodriguez was reportedly retained by Barclays as counsel to represent Maria Moller and Daniel Bean. On information and belief, Mr. Rodriguez has knowledge concerning the recruitment and departure of the Plaintiffs from Goldman Sachs, the instructions given to Moller and Bean to not return calls and texts from their employer, and other information and facts related to the claims and defenses asserted by the parties in these cases.

6. Any and all other individuals identified by other parties to this litigation as having knowledge of relevant facts.

7. Any and all other individuals identified during the discovery process herein as having knowledge of relevant facts.

B. A copy of, or a description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

**RESPONSE**:

Goldman Sachs has searched, and is searching, through its records for documents relevant to this case including, but not limited to, the agreements between Plaintiffs and Goldman Sachs, written communications between the parties, and any other documents related its claims or defenses asserted in this matter. Contemporaneously with the service of these disclosures, Goldman Sachs is producing to Plaintiffs all of the responsive, non-privileged documents it has currently identified.

C. A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

**RESPONSE**:

Goldman Sachs is in the process of computing its damages and collecting the documents and other evidentiary materials bearing on the nature and extent of its injuries. Goldman Sachs will be seeking lost profits and consequential damages in an amount to be proven at the arbitration hearing. Goldman Sachs will supplement, if necessary.

D.	For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE**:

Goldman Sachs will supplement, if necessary.

E.	Pursuant to Rule 26(A)(2), Defendant has not specifically designated any experts at this time. Goldman Sachs reserves the right to designate, amend and/or supplement its designation of experts after Plaintiffs designate their experts in accordance with the Court's Scheduling Order and the parties' written agreement.

F.	Goldman Sachs' disclosures are made on the information reasonably available to it at this time. There may be other individuals not identified who may have knowledge of relevant facts. Goldman Sachs has not made any determination regarding individuals who may be retained or specifically employed to provide expert testimony in these cases. Goldman Sachs asserts a claim of privilege with regard to attorney-client communications, attorney work-product, party communications, investigative, consulting expert and trial preparation materials, as provided under Federal Rules for Civil Procedure 26 and the Federal Rules of Evidence.

    Respectfully submitted,

    DOBROWSKI, LARKIN & JOHNSON L.L.P.

    By: */s/Paul J. Dobrowski*
      Paul J. Dobrowski
      Federal Bar No. 3208
      Texas Bar No. 05927100
      4601 Washington Avenue, Suite 300
      Houston, Texas 77007
      Telephone: (713) 659-2900
      Facsimile: (713) 659-2908

    ATTORNEY-IN-CHARGE FOR DEFENDANT
    GOLDMAN, SACHS & CO.

OF COUNSEL:

DOBROWSKI, LARKIN & JOHNSON L.L.P.
Bruce B. Kemp
Federal Bar No. 92
Texas Bar No. 11255100
Cody W. Stafford
Federal Bar No. 1129436
Texas Bar No. 24068238
4601 Washington Avenue, Suite 300
Houston, Texas 77007
Telephone:   (713) 659-2900
Facsimile:   (713) 659-2908

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record on this 18th day of January, 2013, by ECF as required by the Federal Rules of Civil Procedure.

>   Jack D. Ballard
>   Michael A. Rodriguez
>   Susan A. Logsdon
>   Ballard & Littlefield, LLP
>   3700 Buffalo Speedway, Suite 250
>   Houston, Texas  77098

>>>>   */s/ Paul J. Dobrowski*
>>>>   Paul J. Dobrowski